**UNITED STATES of America**

v.

**Joseph BLITZ, Defendant.**

**No. 61-Cr-137.**

United States District Court
E. D. New York.

Nov. 21, 1961.

Leon Washor, Brooklyn, N. Y., for defendant, for the motion.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., John J. V. Sullivan, Asst. U. S. Atty., Brooklyn, N. Y., of counsel, in opposition.

RAYFIEL, District Judge.

On April 20, 1961 an indictment was filed in this Court charging the defendant with the violation of Section 659 of Title 18 United States Code, in that he received and had in his possession 24 tons of aluminum of the value of more than $100, which had been stolen from a motor vehicle while moving as part of, and constituting an interstate shipment of freight, knowing the same to have been stolen.

The defendant now moves under Rule 41(e) of the Federal Rules of Criminal Procedure, 18 U.S.C., to suppress for use as evidence the property so seized. His supporting affidavit states, in substance, that on May 26, 1960 members of the Police Department of the City of New York and agents of the Federal Bureau of Investigation, acting together, broke into the premises known as and by the Street No. 7 Van Brunt Street, in the Borough of Brooklyn, in this District, seized a quantity of aluminum ingots, and shortly *thereafter* placed him under arrest. None of the officers, he said, exhibited a search warrant or a warrant for his arrest.

John J. V. Sullivan, Assistant United States Attorney, submitted his affidavit in opposition, wherein he conceded that the statements contained in the defendant's affidavit were substantially true, and that the defendant's arrest was effected "*after* a search of premises and contiguous buildings * * *." (Emphasis mine.) He stated further, obviously upon information and belief, that agents of the Federal Bureau of Investigation and members of the New York City Police Department, acting upon in-

formation obtained from a confidential source, were investigating a report that the allegedly stolen aluminum, and the driver, reportedly kidnapped, who had transported it, might be found at the Van Brunt Street premises.

█ Because of the meagerness of the information contained in the affidavits I ordered a hearing at which Timothy B. LaGrone and Paul R. Elofson, agents of the Federal Bureau of Investigation, testified. LaGrone stated that he approached the Van Brunt Street premises, removed a grate from a point at or near the entrance thereof, and entered the building through a window. He then proceeded through a hallway to a doorway opening into the courtyard where the aluminum ingots were found and seized. He and the other officers then made a search of the building adjoining the courtyard, found the defendant on the roof, and placed him under arrest. None of the officers had obtained a warrant to search the premises or to arrest the defendant. LaGrone testified further that there were but two means of egress for trucks from the courtyard where the aluminum was found, one leading to Van Brunt Street and the other to Kane Street. He made no reference in his testimony to the fact that the officers and agents involved were seeking a person reported to have been kidnapped. It *is* probable, however, that as he approached the building at about 9:30 P.M. he suspected that the allegedly stolen property might be there. While he could hardly have obtained a warrant at that hour, he could have prevented the removal of the aluminum during the night by the simple expedient of keeping officers posted at both truck exits until the following morning, when he could have applied for a warrant to search the premises.

██ While the question of "standing" has not been referred to, the Government does not dispute the fact that the defendant was a licensee who was on the premises with the permission of its owner. Hence, he has standing to challenge the use of the seized aluminum as evidence. Jones v. United States, 362 U.S. 257, 266–267, 80 S.Ct. 725, 4 L.Ed. 2d 697. Since the officers, in entering and searching the premises, acted without a judicial warrant and had no probable cause to do so without one, it is my considered opinion that the search and seizure were unlawful, and in contravention of the defendant's rights under the Fourth Amendment of the Constitution.

See Boyd v. United States, 116 U.S. 616, 635, 6 S.Ct. 524, 29 L.Ed. 746; Weeks v. United States, 232 U.S. 383, 391–392, 34 S.Ct. 341, 58 L.Ed. 652.

Accordingly, the motion to suppress the use of the seized property as evidence is granted.

Settle order on notice.